# THE LAW OFFICES OF
# *JEAN MARIE GRAZIANO*
**8212 THIRD AVENUE**
**BROOKLYN, NEW YORK 11209**
**718-238-8202    FAX: 718-238-8212**

September 8, 2009

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:    United States v. Domenico Cutaia, et al.**
          **08 Cr. 97 (BMC)**

Dear Judge Cogan:

I represent Domenico Cutaia, who is scheduled to be sentenced on Wednesday, September 23, 2009. I write to urge this Court to sentence Mr. Cutaia to a non-custodial sentence. This submission will set forth facts that I earnestly contend warrants that Your Honor grant Mr. Cutaia such a sentence.

## BACKGROUND and OFFENSE CONDUCT

Domenico Cutaia was arrested on February 28, 2008. He was granted bail on March 30, 2008 on a $3 million bond secured by three properties and co-signed by nine sureties. He was placed on home confinement with electronic monitoring. He has remained on bail without incident.

Honorable Brian M. Cogan
September 8, 2009
Page 2

On February 11, 2009 Mr. Cutaia pled guilty to Count 15 of the Indictment charging him with a Bank Fraud Conspiracy. His Plea Agreement with the Government has an estimated Adjusted Offense Level of 18 with a Criminal History Category IV, which carries an Advisory Guideline Custody Range of 41-51 Months.[1] The Guidelines calculation in the Presentence Report is considerably lower than that contained in the Plea Agreement. Notably the Probation Department has determined that the defendant's Total Offense Level is a 9, he is in Criminal History Category IV, and this carries a Guideline Custody Range of 12-18 months.[2] This discrepancy is due to the inconsistent views as to whether an increase under U.S.S.G. §2B1.1(b)(1) should apply. The Probation Department has determined that there was no intended or actual loss to Washington Mutual Bank and that therefore the 14-level loss enhancement contained in the Plea Agreement should not apply.

---

[1] It appears that the Government wants to hold Mr. Cutaia accountable for the decisions made by Mr. Sperber and his counsel. This is not fair especially since the co-defendants were not tied into Sperber by the Government and are eligible under their respective plea agreements to be granted a one-level reduction for participating in this global disposition. Thus I am respectfully requesting that The Court grant Mr. Cutaia an additional one-level reduction under the Advisory Guidelines. This would place him within 37-46 month range.

[2] The Probation Department determined the Mail Fraud Count charged in the Indictment is relevant conduct and therefore this calculation includes an additional 4-level enhancement for same.

Honorable Brian M. Cogan
September 8, 2009
Page 3

Mr. Cutaia is adhering to the terms of his Plea Agreement however we disagree with the Government's claim now that it was the intended victim of this charged fraud rather than Washington Mutual Bank and that the pecuniary loss should be measured by how much Mr. Cutaia allegedly intended to deprive the Government.  In fact, the Government acknowledged Mr. Cutaia's allocution was acceptable when he stated that he "conspired with others to obtain money from Washington Mutual Bank, a federally insured institution under false pretenses".  The Government cannot amend the Indictment and Allocution on its own. As described by the Presentence Report there was no actual nor intended loss as a result of the charged scheme as the defendants never intended to cause a loss to Washington Mutual Bank.

## 18 U.S.C. §3553(a) FACTORS

While the defendant stipulated to the Advisory Guideline Custody Range he did so based upon the Government's concession that he would be able to ask the Court for less pursuant to 18 U.S.C §3553(a).  As set forth below, it is respectfully submitted that a non-custodial sentence is warranted here.   In part, the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, warrants a sentence below the stipulated range.  As forth in the Presentence Report there was no loss to the victim here, Washington Mutual Bank.   Indeed Washington Mutual Bank was made whole.

Honorable Brian M. Cogan
September 8, 2009
Page 4

Further, as Your Honor may recall Mr. Cutaia is a 72 year old man suffering from the advanced stages of multiple sclerosis complicated by psychiatric and cognitive symptoms.[3]  Multiple sclerosis, also known as MS, is a chronic and disabling disease of the central nervous system.  Mr. Cutaia presently suffers from severe symptoms of the disease, including numbness in his limbs, difficulty walking and standing, poor posture and trunk control, tremors, a lack of coordination and a decline in his cognitive functions (his ability to think, reason and remember).

Mr. Cutaia's treating physician, Dr. Allan J. Sobin, has indicated that Mr. Cutaia's health continues to deteriorate.  The basis for this opinion was supported by findings similar to the government's own doctor, N.G. Berrill, namely, that Mr. Cutaia has significant memory deficits and is disabled.  Dr. Sobin, however, also ordered Mr. Cutaia to undergo an MRI of his brain.  The MRI, an objective test, revealed significant abnormalities in Mr. Cutaia's brain consistent with long-term multiple sclerosis.

---

[3] It is respectfully requested that Your Honor consider any and all medical documentation that has been previously submitted to this Court in determining the appropriate sentence for Mr. Cutaia.

Honorable Brian M. Cogan
September 8, 2009
Page 5

        Dr. Berrill opined that Mr. Cutaia should be seen as someone who is "marginally fit to proceed" in the instant case.  Mr. Cutaia scored well below the norm on each test administered to him by Dr. Berrill. For example, Dr. Berrill found that Mr. Cutaia's present intelligence level was well below the norm – at the lowest percentile level – and that this "suggested obvious cognitive difficulties."  Mr. Cutaia also scored well below the norm on the memory and learning tests which Dr. Berrill found clearly suggested "some deterioration with respect to his ability to retain information with which he had been previously working."  With respect to the cognitive functioning tests administered by Dr. Berrill, Mr. Cutaia was found to be "in the impaired range of functioning," and for the most part functioning at or below the lowest percentile.

        It was previously recommended by Dr. Bernice Marcopulos and her peers at the Forensic Panel that Mr. Cutaia begin treatment for clinical depression.  She wrote:

                "Treatment for depression might improve his
                cognition to a modest extent".

Honorable Brian M. Cogan
September 8, 2009
Page 6

Upon this recommendation and after the urging of his family members, Mr. Cutaia began treating with a Psychologist.  Mrs. Cutaia in a letter addressed to this Court, attached hereto, writes of her distress and the pain her husband is in.  She asserts:

> "I believed that it was his MS that as affecting him and taking away his will to go on.  Now I know that it is that and the fact that Danny is in a deep depression.  I had to beg him to go and get the help of a Doctor.  I had to get him help because it was becoming too much for me to handle on my own.  His condition is not only affecting him but my whole family.  Its affects all his relationships.  It affects the way we all live our lives.  He is at times incoherent.  Things have to be explained to him over and over again and sometimes I think he still doesn't get it."

Additionally, I have attached a letter written by Mr. Cutaia's treating physician Malcolm Scherz, Ph.D.  In his letter Dr. Scherz writes that:

> "Mr. Cutaia is a 'broken' man, suffering from both 'chronic and acute' depression.
>
> …
>
> It would serve little purpose to further incarcerate him other than to shorten his life."

Honorable Brian M. Cogan
September 8, 2009
Page 7

## CONCLUSION

In sum, Mr. Cutaia is in extremely poor and fragile health. He is suffering from the advanced stages of MS and nearing the end of his life.

For the foregoing reasons, it is respectfully submitted that the Court consider the nature and circumstances of this offense, as well as, Mr. Cutaia's age, medical and mental conditions and his compliance with home detention restrictions for the past 17 months in determining whether a non-custodial sentence is appropriate.

Thank you.

Respectfully submitted,

/JMG/

Jean Marie Graziano

cc:   Jeffrey A. Goldberg (via ECF)
      Assistant United States Attorney