THE LAW OFFICES OF

## JEAN MARIE GRAZIANO

**8212 THIRD AVENUE**
**BROOKLYN, NEW YORK 11209**
**718-238-8202   FAX: 718-238-8212**

September 22, 2009

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   **Re:** **United States v. Domenico Cutaia, et al.**
     **08 Cr. 97 (BMC)**

Dear Judge Cogan:

I respectfully write in response to the Government's letter dated September 16, 2009 and again urge this Court to sentence Mr. Cutaia to a non-custodial sentence.

## 18 U.S.C. §3553(a) FACTORS

While the defendant stipulated to the Advisory Guideline Custody Range he did so based upon the Government's concession that he would be able to ask the Court for less pursuant to 18 U.S.C §3553(a). As such counsel for the defendant attempted to highlight for the Court such factors that we respectfully submit warrant a non-custodial sentence.

Honorable Brian M. Cogan
September 22, 2009
Page 2

## **Relevant Legal Authority**

"The Court shall impose a sentence sufficient, but not greater than necessary, . . . [and] shall consider—

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed—

    a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b. To afford adequate deterrence to criminal conduct;

    c. To protect the public from further crimes of the defendant;

    d. To provide the defendant with needed educational or vocational training, **medical care**, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The kinds of sentence and the sentencing range established . . . [by the Sentencing Guidelines];

5. Any pertinent policy statement . . .

6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (emphasis supplied) (some minor alterations not noted).

Honorable Brian M. Cogan
September 22, 2009
Page 3

Though the Guidelines are an important factor in the sentencing analysis, they are advisory and the Court is generally free to impose a non-Guidelines sentence. *United States v. Gall*, 128 S.Ct. 586 (2007); *United States v. Booker*, 543 U.S. 220 (2005). "The sentencing judge should decide after considering the Guidelines and all the other factors set forth in section 3553(a), whether (I) to impose the sentence that would have been imposed under the Guidelines, *i.e.,* a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence." *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005); *see also United States v. Castillo*, 460 F.3d 337, 352 (2d Cir. 2006).

Recently, the Second Circuit erased any doubt as to the degree of discretion that the District Courts have in making sentencing determinations: "A sentencing judge has *very wide latitude* to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (*en banc*) (italics supplied). The *Cavera* court elaborated as to the proper role of the Guidelines in the sentencing calculus and a District Court's concomitant authority to issue a non-Guidelines sentence:

> The Guidelines provide the "**starting point and the initial benchmark**" for sentencing, *Gall,* 128 S.Ct. at 596, and district courts must "remain cognizant of them throughout the sentencing process," *id.* at 596 n. 6.  **It is now, however, emphatically clear that the Guidelines are guidelines—that is, they are truly advisory**.  **A district court may not**

Honorable Brian M. Cogan
September 22, 2009
Page 4

> **presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense**. **District judges are, as a result, generally free to impose sentences outside the recommended range**. When they do so, however, they "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 597. **In this way, the district court reaches an informed and individualized judgment in each case as to what is "sufficient, but not greater than necessary" to fulfill the purposes of sentencing**. 18 U.S.C. § 3553(a).

*Cavera*, 550 F.3d at 189 (emphasis supplied) (footnotes omitted).

An extraordinary medical condition may justify a non-Guidelines sentence. In fact, even under the Guidelines "an extraordinary physical impairment may be a reason to depart downward, *e.g.*, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4. Furthermore, whether the Bureau of Prisons has the ability to care for a particular impairment does not determine whether such impairment may be the basis for a non-Guidelines sentence:

> What makes a physical impairment "extraordinary" for purposes of the Guidelines—as § 5H1.4 makes express in this instance—is whether it is an exceptional condition, of a type or to a degree not contemplated by the Commission in ruling that the normal variations of health and physical fitness among criminals are not ordinarily relevant to sentencing, whose severity bears in some way on the justifications for punishment.

Honorable Brian M. Cogan
September 22, 2009
Page 5

*United States v. Jimenez*, 212 F.Supp.2d 214, 219 (S.D.N.Y. 2002) (finding that amnesic disorder qualified as exceptional and granting downward departure in part because condition seriously diminished defendant's ability to threaten society); *see also United States v. Rioux*, 97 F.3d 648, 663 (2d Cir. 1996) (upholding downward departure based upon physical impairment that though stable required regular monitoring and ongoing care); *United States v. Barbato*, 2002 WL 31556376 at *4-5 (S.D.N.Y. 2002) (granting downward departure and sentencing defendant to home confinement based upon physical condition, age, and frailty); *United States v. Blarek*, 7 F.Supp.2d 192, 212-213 (E.D.N.Y. 1998) (granting downward departure on ground that defendant's stable HIV infection was result of careful regimen of medicine, diet, and exercise).

In *Cavera*, the Court of Appeals sitting *en banc* made clear that it would "not substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Cavera*, 550 F.3d at 189. The Court emphasized that it would not second guess the determinations of the District Court: "To the extent that our prior cases may be read to imply a more searching form of substantive review, we today depart from that understanding." *Cavera* 550 F.3d at 189. By way of example of the type of review that it will no longer conduct, the Court cited *United States v. Cutler,* 520 F.3d 136, 164, 167 (2d Cir.2008), in which it reversed a downward departure on medical grounds.

Honorable Brian M. Cogan
September 22, 2009
Page 6

There is, therefore, no doubt with respect to the fact that the Court here has the authority to impose a non-custodial sentence on the grounds that we advocate. As previously submitted, the facts here warrant a non-Guidelines sentence due to the fact that Mr. Cutaia suffers from several extremely serious medical conditions that require intensive care on an ongoing basis. Moreover, though we do not believe that the Bureau of Prisons has the capability to care adequately for Mr. Cutaia, a finding in that regard is not determinative of the issue

As it has been previously submitted and further set forth in this submission a non-custodial sentence we respectfully submit is supported in part, by the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, warrants a sentence below the stipulated range. As set forth in the Presentence Report there was no loss to the victim here, Washington Mutual Bank. Indeed Washington Mutual Bank was made whole.

Further, the Government's argument that Mr. Cutaia's situation is similar in circumstances to that of Mr. Gotti in the Matera case is unfounded in fact or fiction. Indeed, the indictment in the case at bar – which appears to have been carefully crafted – does not allege any specific criminal conduct by Mr. Cutaia for more than the past 3 ½ years. For Your Honor's information, Mr. Cutaia, who is 72 years old, is not alleged to have ever engaged in any act of physical violence, let alone, in connection with his two prior convictions or the case at bar. While, in fact, Mr. Gotti was convicted of a murder conspiracy among other things and not a bank fraud.

Honorable Brian M. Cogan
September 22, 2009
Page 7

## CONCLUSION

For the reasons set forth here and in prior submissions, it is respectfully submitted that the Court consider the nature and circumstances of this offense, as well as, Mr. Cutaia's age, medical and mental conditions and his prior compliance with supervised release and with his home detention restrictions for the past 18 months in determining whether a non-custodial sentence is appropriate.

Respectfully submitted,

/JMG/

Jean Marie Graziano

cc:     Jeffrey A. Goldberg (via ECF)
        Assistant United States Attorney